UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON MAYOR MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, KRISTI NOEM, AND TODD LYONS,<br><br>Respondents. | No. 1:25-cv-01633-EFB (HC)<br><br>ORDER |

    Petitioner Martinez, represented by counsel, is a noncitizen seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  On December 16, 2025, the court granted petitioner's motion for a temporary restraining order and notified the parties of its intent to consolidate the merits determination with petitioner's outstanding request for a preliminary injunction under Federal Rule of Civil Procedure 65(a)(2).  ECF No. 21.  On December 17, 2025, the parties jointly stipulated to advancing the merits determination pursuant to Rule 65(a)(2), with no additional briefing.  ECF No. 22.  For the reasons set forth herein, petitioner's petition for writ of habeas corpus is granted.

    In his petition for writ of habeas corpus, petitioner alleged three grounds for relief in the alternative.  In his first claim, he alleged that his detention in immigration custody violates the Due Process Clause of the Fifth Amendment, because there is no significant likelihood that he

1  will be removed in the reasonably foreseeable future.  ECF No. 1 at 13-14.  In his second claim,
2  he alleged that ICE's procedures for removal of persons to third countries, to which he is subject,
3  violate the Fifth Amendment, 8 U.S.C. § 1231, Convention Against Torture, Implementing
4  Regulations, and the Administrative Procedure Act.  *Id*. at 14-15.  Finally, in his third claim, he
5  alleged that third-country punitive banishment would violate his rights under the Fifth and Eighth
6  Amendments.  *Id*. at 15-16.  Upon consideration of the parties' briefing, the court concluded that
7  the petitioner had shown a likelihood of success of the merits for his first and second claims and
8  granted his motion for a temporary restraining order.  ECF No. 21.  The parties have since
9  stipulated that the petition be submitted for adjudication on the basis of the briefs and filings
10 previously submitted.  ECF No. 22 at 2.

11     The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the
12 petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v.*
13 *Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the
14 unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F.
15 Supp. 3d 901, 911 (W.D. Wash. 2025).  Here, petitioner has met that burden on his first and
16 second claims.  As set forth in the court's December 16, 2025 Order, in opposing petitioner's
17 request for a temporary restraining order relative to claim one, respondent did not dispute that, as
18 a factual matter, petitioner had been detained pursuant to 8 U.S.C. § 1231(a)(6) for more than six
19 months, which constitutes the presumptively-reasonable period of detention.  *See* ECF No. 21 at
20 5.  Respondent instead argued that petitioner bore the burden to show that there was no significant
21 likelihood he would be removed in the reasonably foreseeable future, but the undersigned rejected
22 this as contrary to law, concluding instead that it was respondents' burden to show that there was
23 show a significant likelihood that petitioner may be removed, which burden respondents had not
24 met.  *Id*. at 5-6.  Since then, the weight of authority has remained adverse to respondent's legal
25 argument.  *See Hall v. Nessinger,* No. 25-CV-667-JJM-PAS, 2026 WL 18583, at *7 (D.R.I. Jan.
26 2, 2026); *Hernandez-Castro v. Lyons*, No. 1:25-CV-01574 JLT SAB, 2025 WL 3771344, at *8,
27 n.10 (E.D. Cal. Dec. 31, 2025); *Tran v. Hyde*, No. 25-CV-12546-ADB, 2025 WL 3724853, at *2
28 & n.2 (D. Mass. Dec. 24, 2025); *Pham v. Noem et al.*, No. 5:25-CV-03373-MEMF-PD, 2025 WL

3763374, at *4 (C.D. Cal. Dec. 22, 2025); *Nguyen v. Noem, et al.*, No. 8:25-CV-02654-HDV-DSR, 2025 WL 3898489, at *4 & n.3 (C.D. Cal. Dec. 19, 2025); *Asfestani v. Current or Acting Field Off.*, No. 1:25-CV-1562-SCR, 2025 WL 3677321, at *5 (E.D. Cal. Dec. 18, 2025). Respondents have offered no additional factual nor legal challenges to the court's analysis and conclusions contained in its December 16, 2025 Order. *See* ECF No. 22. Accordingly, the undersigned concludes that petitioner has shown by a preponderance of evidence that his custody violates the due process clause of the Fifth Amendment, such that he is entitled to relief.

Petitioner has also shown his entitlement to relief on his second claim. In the court's December 16, 2025 Order, the court found petitioner had shown a likelihood of success on his claim insofar as it alleged that the removal procedures to which he was subject violated his due process rights under the Fifth Amendment. ECF No. 21 at 6-11. Again, respondents have provided no additional arguments to dispute this determination, *see* ECF No. 22, and, again, there have been no intervening legal developments to impugn the conclusions the court reached in its December 16, 2025 Order. *See Barka v. Mattos, et al.*, No. 2:25-CV-01781-GMN-MDC, 2025 WL 3723998, at *7 (D. Nev. Dec. 23, 2025); *Elshourbagy v. Bondi, et al.*, No. 2:25-CV-02432-TL, 2025 WL 3718993, at *8 (W.D. Wash. Dec. 23, 2025); *Bunnell v. Noem, et al.*, No. 2:25-CV-02259-GMN-EJY, 2025 WL 3707588, at *6 (D. Nev. Dec. 22, 2025); *Escobar v. Chestnut*, No. 1:25-CV-01801-DJC-EFB, 2025 WL 3687639, at *4 (E.D. Cal. Dec. 19, 2025); *Asfestani v. Current or Acting Field Off.*, No. 1:25-CV-1562-SCR, 2025 WL 3677321, at *6 (E.D. Cal. Dec. 18, 2025). Thus, for the reasons set forth in the court's December 16, 2025 Order, petitioner has shown by a preponderance of the evidence that the procedures to which he was subject violated his Fifth Amendment due process rights.

**CONCLUSION**

Accordingly, the Court HEREBY ORDERS that:

1. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

2. Petitioner's request for preliminary injunctive relief (ECF No. 5) is DENIED as MOOT.

////

     3. Respondents are hereby ORDERED to release petitioner from any form of custody pursuant to the Order of Supervision that was in effect prior to his redetention

     4. Respondents are PERMANENTLY ENJOINED AND RESTRAINED from effectuating Petitioner's third country removal unless Respondents adhere to the following procedures:

     a. Provide Petitioner and his counsel a minimum of ten (10) days to raise a fear-based claim for protection prior to removal;

     b. If Petitioner demonstrates reasonable fear of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings;

     c. If Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days for Petitioner to seek reopening of his immigration proceedings.

     5. The Clerk is directed to close the case.

IT IS SO ORDERED.

Dated: February 23, 2026

                                 EDMUND F. BRENNAN
                                 UNITED STATES MAGISTRATE JUDGE